UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **ABDULLAH T. AL-KHALIDI,** )<br>)<br>　　　**Petitioner,** )<br>)<br>　　v. )<br>)<br>**ED BUSS,** )<br>)<br>　　　**Respondent.** ) | CAUSE NO. 3:07-CV-133 AS |

### *OPINION AND ORDER*

Abdullah T. Al-Khalidi, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 365 day loss of good time credit and demotion from credit class one to credit class three in case ISP 05-12-0208 on March 24, 2006 by the Conduct Adjustment Board ("CAB") at the Indiana State Prison.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Mr. Al-Khalidi attempts to raise four grounds in this challenge. In his first argument, Mr. Al-Khalidi asserts that his rehearing was not held within seven working days as required by the prison policy. Habeas corpus relief is only available for the violation of the federal constitution or laws. 28 U.S.C. § 2254(a). This court cannot grant habeas corpus relief based on the violation of a prison rule. Therefore in this proceeding, it is not relevant whether these rules were

violated. *See Estelle v. McGuire,* 502 U.S. 62 (1991).

Next, Mr. Al-Khalidi contends that he requested, but was denied a witness statement from Officer Lanney. While *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires that he be permitted to submit relevant exculpatory evidence, *Wolff* does not require that irrelevant, repetitive, or unnecessary evidence be presented. *See Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). The documents provided by Mr. Al-Khalidi demonstrate that he requested Officer Lanney's statement during his screening. (Exh. C, docket # 1-2, page 5). However, it was noted at that time that Officer Lanney was no longer employed at the facility. In addition, at the hearing, Mr. Al-Khalidi acknowledged that Officer Lanney was no longer employed by the facility at the time he requested the statement. (Exh. B, docket # 1-2, page 3). Therefore, as Mr. Al-Khalidi has demonstrated, because the CAB could not acquire Officer Lanney's statement because Officer Lanney was not employed at the facility when he requested the statement, the CAB did not deny Mr. Al-Khalidi any witness statements.

In his third argument, Mr. Al-Khalidi argues that the confiscation slip was faulty because it was dated March 8, 2006, and should have been made out on December 23, 2005. During the screening for the re-hearing, Mr. Al-Khalidi requested the confiscation slip. A confiscation slip was provided. Therefore, Mr. Al-Khalidi was not denied the requested evidence. However, Mr. Al-Khalidi attempts to challenge the sufficiently of the confiscation slip by asserting that the

2

date is incorrect. Although the confiscation slip is dated March 8, 2006, it states that marijuana, tobacco, and a scale were confiscated on December 21, 2005, the date of the alleged offense. (Exh. D, docket # 1-2, page 6). The slip correctly reflects the date on which the materials were confiscated. Because Mr. Al-Khalidi received the evidence he requested, there were no due process errors.

Finally, Mr. Al-Khalidi asserts that at the rehearing, the CAB imposed a harsher sanction on him than the CAB at the original hearing. In the original hearing, Mr. Al-Khalidi lost 180 days of good time credit and was demoted from credit class 1 to credit class 2. As a result of the re-hearing, Mr. Al-Khalidi lost 365 days good time credit and was demoted from credit class 1 to credit class 3. Mr. Al-Khalidi contends that the sanction was excessive. Successful challenges to the proportionality of a particular sentence should be exceedingly rare. *United States v. Gross*, 437 F.3d 691, 693 (7th Cir. 2006). Under the plurality's approach in *Ewing v. California*, 538 U.S. 11, 23, 30, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003), the first task is to ascertain whether the case is "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Id.* Here, Mr. Al-Khalidi was charged with possession of an unauthorized substance, marijuana, and paraphernalia. He lost 365 days good time credit and was demoted from credit class 1 to credit class 3. Because possessing drugs and paraphernalia in prison is a serious conduct violation, Mr. Al-Khalidi's punishment is not grossly disproportionate to the

offense he was charged with. As a result, the loss of 365 days of good time credit and demotion him from credit class 1 to credit class 3 was not excessive.

For the foregoing reasons, the habeas corpus petition is **DISMISSED** pursuant to Habeas Corpus Rule 4.

**IT IS SO ORDERED.**

**ENTERED: May 14, 2007**

                                           **S/ ALLEN SHARP**
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**